UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-124 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| SATICOY BAY LLC SERIES 164 GOLDEN CROWN, et al., | |
| Defendant(s). | |

Presently before the court is defendant Paradise Hills Landscape Maintenance Association, Inc.'s ("Paradise") motion to dismiss the complaint. (ECF No. 6). Plaintiff Bank of America, N.A. ("BoA") filed a response (ECF No. 15), and defendant filed a reply (ECF No. 16).

I.   Introduction

On January 22, 2016, plaintiff filed its complaint, alleging six claims in relation to defendant's foreclosure and subsequent non-judicial foreclosure sale on the real property at 164 Golden Crown Avenue, Henderson, Nevada 89002. (ECF No. 1).

An August 8, 2008, deed of trust, securing a $319,978 loan, was executed by purchasers of the property, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary. (*Id.*). On September 30, 2014, MERS recorded its assignment of the deed of trust and note to plaintiff. (*Id.*).

On April 12, 2011, Paradise's trustee, Homeowner Association Services ("HAS"), recorded a notice of claim of lien-homeowner assessment on behalf of Paradise.[1] (*Id.*). HAS then, on December 14, 2011, recorded a notice of default and election to sell under notice of delinquent

---

[1] Plaintiff alleges that HAS is Paradise's agent. (ECF No. 1).

**James C. Mahan**
**U.S. District Judge**

assessment lien against the property. (*Id.*). On March 15, 2012, plaintiff attempted to pay the super-priority lien debt of $472.50, but the payment was rejected on March 30, 2012. (*Id.*).

Plaintiff's servicer recorded a request for notification of default on December 3, 2014; however, HAS allegedly recorded a notice of sale against the property for Paradise on July 21, 2015. (*Id.*). Co-defendant Saticoy Bay, LLC Series 164 Golden Crown ("Saticoy") acquired the property for $9,000. (*Id.*). At that time, the amount outstanding on the original loan allegedly exceeded $313,741.76, and the fair market value of the property was roughly $274,557.00. (*Id.*).

As a result of these offered facts, plaintiff asserts the following six claims or requests for relief against defendants: (1) quiet title/declarative relief against both defendants; (2) a preliminary injunction against Saticoy; (3) unjust enrichment against both defendants; (4) wrongful foreclosure against Paradise; (5) negligence against Paradise; and (6) negligence *per se* against Paradise. (*Id.*).

II.     Legal Standard

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of

**James C. Mahan
U.S. District Judge**

- 2 -

misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.     Discussion
#### a.    Unjust enrichment

As an initial matter, plaintiff's claim of unjust enrichment is legally untenable. "Unjust enrichment is the 'unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience.'" *Galvan v. J.C.H. Enters., Inc.*, 2011 WL 4501083, No. 2:11-cv-00307-RLH-GWF, at *3 (D. Nev. Sept. 27, 2011) (quoting *Asphalt Prods. Corp. v. All Star Ready Mix,* 898 P.2d 699, 701 (Nev. 1995)). To state a valid claim for unjust enrichment, a plaintiff must allege three elements: (1) plaintiff conferred a benefit on defendant; (2) defendant appreciated such benefit; and (3) defendant accepted and retained the benefit. *Id*. (citing *Topaz Mutual Co. v. Marsh,* 839 P.2d 606, 613 (Nev. 1992)).

Plaintiff alleges that "[s]hould Plaintiff's Complaint be successful in quieting title and setting aside the HOA Sale, the Buyer and the HOA will have been unjustly enriched by the HOA Sale and usage of the Property." (ECF No. 1 at 13). However, these purported benefits were not those that plaintiff, through its own actions, bestowed on defendant. Thus, the court will dismiss plaintiff's third cause of action.

#### b.    Nevada Real Estate Division mediation

Defendant next argues that plaintiff's claims for wrongful foreclosure and declaratory relief should be dismissed for failure to comply with Nevada Revised Statute ("NRS") 38.310 because they require an interpretation of the applicable covenants, conditions, and restrictions ("CC&Rs"). (ECF No. 6); *see also McKnight Fam., L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013).

James C. Mahan
U.S. District Judge

Plaintiff instead contests that NRS 38.310 does not prevent the present action because that statute does not apply to the causes of action in the complaint, its claims "do not invoke the duties under the CC&Rs," and it has already submitted a mediation complaint to the ombudsman. (ECF No. 15 at 2).

Section 38.310 of the NRS provides, in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

NRS 38.310(1). Subsection (2) continues, mandating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." NRS 38.310(2).

Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim." NRS 38.330(1). However, while NRS 38.330(1) explains the procedure for mediation, NRS 38.310 is clear that no civil action may be commenced "unless the action has been submitted to mediation." NRS 38.310. Specifically, NRS 38.330(1) offers in relevant part:

> If the parties participate in mediation and an agreement is not obtained, any party may commence a civil action in the proper court concerning the claim that was submitted to mediation. Any complaint filed in such an action must contain a sworn statement indicating that the issues addressed in the complaint have been mediated pursuant to the provisions of NRS 38.300 to 38.360, inclusive, but an agreement was not obtained.

NRS 38.330(1) (emphasis added).

The record is absent of any indication that the Nevada Real Estate Division ("NRED") mediation has been completed. Therefore, unless NRED appoints a mediator or the parties agree on one, plaintiff's claims are not exhausted under state law.[2] This court now considers the applicability of this statutory scheme to plaintiff's claims of wrongful foreclosure, quiet title, and negligence.

. . .

. . .

---

[2] The statute of limitations for any claim submitted to NRED for mediation is tolled until the conclusion of mediation. *See* NRS 38.350.

**James C. Mahan**
**U.S. District Judge**

- 4 -

### 1. Wrongful foreclosure

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558. Therefore, this claim must be mediated before this court may consider its merits.

### 2. Quiet title/declaratory relief

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." NRS 40.010. "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, plaintiff must show that its claim to the property is superior to all others to succeed on its quiet title action. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

A claim to quiet title is not a civil action under NRS 38.300(3), which states: "The term does not include an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property." *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ-PAL, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310); *see also McKnight Family, L.L.P.*, 310 P.3d at 559. Thus, this claim does not need to be mediated under 38.310, so this theory of dismissal fails. *See* NRS 38.310.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Defendant also attacks the quiet title claim by arguing that the complaint does not make the necessary allegation that it paid all debts it owed on the property. (ECF No. 6). Yet, the complaint states that BoA attempted to "tender[] the super-priority lien amount totaling $472.50 to [HAS]." (ECF No. 1 at 14). Additionally, that effort to pay the lien amount was allegedly rejected, and plaintiff alleges that "[t]he HOA had no legal right to reject the tender of the super-priority amount by Plaintiff's predecessor, Bank of America, N.A." (*Id.* at 4). Therefore, this theory attacking the quiet title claim fails because plaintiff has sufficiently alleged that it attempted to pay the relevant amount but was not permitted to do so. To find otherwise would allow a defendant's alleged obstinacy to close an avenue of relief from the same.

Next, defendant asserts that the association is a not "proper party" to plaintiff's quiet title claim. (ECF No. 6 at 7). This argument too is unavailing.

Under Federal Rule of Civil Procedure 19(a), a party must be joined as a "required" party in two circumstances: (1) when "the court cannot accord complete relief among existing parties" in that party's absence, or (2) when the absent party "claims an interest relating to the subject of the action" and resolving the action in the person's absence may, as a practical matter, "impair or impede the person's ability to protect the interest," or may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

Here, Paradise is a necessary party because plaintiff seeks to invalidate the foreclosure sale. *See, e.g.*, *U.S. Bank, N.A. v. Ascente Homeowners Ass'n*, No. 2:15-cv-00302-JAD-VCF, 2015 WL 8780157, at *2 (D. Nev. Dec. 15, 2015); *see also* (ECF No. 1). As a result, Paradise has an interest in this case because its super-priority lien might be reinstated as an encumbrance against the property.

Moreover, if plaintiff "succeeds in invalidating the sale without the HOA being a party to this suit, separate litigation to further settle the priority of the parties' respective liens and rights may be necessary." *U.S. Bank, N.A.*, 2015 WL 8780157, at *2. Therefore, dismissing Paradise may prevent plaintiff from acquiring the relief it seeks.

   *3. Negligence*

Plaintiff's negligence claim is also subject to NRS 38.310's mediation requirement. A plaintiff must establish four elements to succeed on a negligence claim: (1) a duty of care; (2) a

**James C. Mahan**
**U.S. District Judge**

- 6 -

breach of that duty; (3) causation; and (4) damages. *Turner v. Mandalay Sport Entm't*, 180 P.3d 1172, 1175 (Nev. 2008).

To establish what duties Paradise owed to plaintiff, the court must evaluate the terms of the CC&Rs because their terms elucidate Paradise's legal obligations to plaintiff. *See McKnight Family, L.L.P.*, 310 P.3d at 558. Therefore, plaintiff's negligence claim is subject to NRS 38.330's exhaustion requirements. As explained above, mediation through NRED has not yet completed and this court therefore cannot consider this claim. Thus, it will be dismissed without prejudice.

    *c. Negligence* per se

A plaintiff establishes a negligence *per se* claim by showing that a statute creates a duty and that a violation of that statute constitutes a breach. *See Sagebrush Ltd. v. Carson City*, 660 P.2d 1013, 1015 (Nev. 1983). The plaintiff must then show that the violation of the statute caused the damages that he or she is alleging. *See Ashwood v. Clark Cnty.*, 930 P.2d 740, 744 (Nev. 1997) ("A violation of statute establishes [only] the duty and breach elements of negligence . . . ."). The duty and breach elements of negligence may be established under negligence *per se* only if the injured party is of the class of people that the statute intended to protect and the alleged injury was of the variety that the statute intended to address. *Id.*

Plaintiff bases its negligence *per se* claim on the theory that the "extinguishment of [plaintiff's] first position Deed of Trust" is the variety of injury that NRS chapter 116 was meant to alleviate. (ECF No. 1 at 15). Even without considering whether NRS chapter 116 actually enables a negligence *per se* claim, this court finds that plaintiff provides only conclusory allegations as to why or how that statute would allow this claim in the present case. (*Id.*). These conclusory allegations are insufficient to withstand a motion to dismiss. *Twombly*, 550 U.S. at 555.

    IV.    Conclusion

In sum, the parties must proceed with NRED mediation before this court will consider plaintiff's wrongful foreclosure and negligence claims. Additionally, the unjust enrichment claim and the negligence *per se* claim will be dismissed. However, plaintiff's quiet title claim survives the present motion to dismiss.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Paradise's motion to dismiss the complaint (ECF No. 6) be, and the same hereby is, GRANTED IN PART AND DENIED IN PART, consistent with the foregoing.

DATED February 21, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -